**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1927

WALMART REAL ESTATE BUSINESS; SAM'S REAL ESTATE BUSINESS TRUST,

Plaintiffs - Appellees,

v.

QUARTERFIELD PARTNERS LLC; BL QUARTERFIELD ASSOCIATES LLC; Q.O.P. PROPERTIES LLC; QUARTERFIELD OFFICE PARK LLC,

Defendants - Appellants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah Lynn Boardman, District Judge.  (1:18-cv-03664-DLB)

Argued:  October 25, 2022                    Decided:  November 10, 2022

Before KING, AGEE, and QUATTLEBAUM, Circuit Judges.

Appeal dismissed by unpublished per curiam opinion.

**ARGUED:**  Rignal Woodward Baldwin V, BALDWIN SERAINA, LLC, Baltimore, Maryland, for Appellants.  Tillman J. Breckenridge, BRECKENRIDGE PLLC, Washington, D.C., for Appellees. **ON BRIEF:**  Rignal W. Baldwin, Sr., Douglas B. Riley, BALDWIN SERAINA, LLC, Baltimore, Maryland, for Appellants.  Donald A. Rea, Leila F. Parker, SAUL EWING ARNSTEIN & LEHR LLP, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this contract dispute, plaintiffs Walmart Real Estate Business Trust ("Walmart") and Sam's Real Estate Business Trust ("Sam's") allege that they are entitled to options to purchase two parcels of real property in Anne Arundel County, Maryland, that they lease from defendants Quarterfield Partners LLC, BL Quarterfield Associates LLC, Q.O.P. Properties LLC, and Quarterfield Office Park LLC (collectively, "Quarterfield"). The action was brought in the District of Maryland, pursuant to the district court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). By their operative Amended Complaint of February 2019, Walmart and Sam's seek the following relief under the controlling state law of Maryland: a declaratory judgment that they are entitled to options to purchase the parcels and that they timely sought to exercise those options (Count I); an order directing Quarterfield to sell them the parcels (Count II); and an award of monetary damages of at least $75,000 (Count III).

After the parties consented to having the district court proceedings conducted by a magistrate judge, *see* 28 U.S.C. § 636(c), Quarterfield moved for summary judgment, and Walmart and Sam's moved for partial summary judgment on Counts I and II. By its Memorandum Opinion and Order of July 2020, the district court denied Quarterfield's summary judgment motion and granted the partial summary judgment motion filed by Walmart and Sam's. *See Walmart Real Est. Bus. Trust v. Quarterfield Partners LLC*, No. 1:18-cv-03664 (D. Md. July 10, 2020), ECF Nos. 67 & 68. In so doing, the court applied settled principles of Maryland law to interpret the particular terms of the leases at issue. At Quarterfield's unopposed request, the court subsequently entered an Amended Order

2

that certified this interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from the summary judgment award on Counts I and II, and that stayed further proceedings on the still-pending Count III. *See Walmart Real Est. Bus. Trust v. Quarterfield Partners LLC*, No. 1:18-cv-03664 (D. Md. July 23, 2020), ECF No. 71.

Again without opposition from Walmart and Sam's, Quarterfield subsequently sought our Court's permission to pursue this interlocutory appeal under § 1292(b). We granted such permission in August 2020. As explained herein, however, we now recognize upon further consideration that the permission to appeal was improvidently granted.

In order to satisfy the demands of § 1292(b), the order being reviewed must "involve[] a controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the order [must promise to] materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). We have cautioned that "§ 1292(b) should be used sparingly and thus its requirements must be strictly construed." *See United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). Although "it may be proper to conduct an interlocutory review of an order presenting a pure question of law" that can be decided "quickly and cleanly," there is no authorization for such a review if the court of appeals would have "to delve beyond the surface of the record in order to determine the facts." *Id.* at 340-41 (internal quotation marks omitted). Consequently, "§ 1292(b) review is not appropriate where . . . the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied

3

settled law to the facts or evidence of a particular case." *Id.* at 341 (internal quotation marks omitted).

As stated above, in granting partial summary judgment to Walmart and Sam's, the district court simply applied settled principles of Maryland law to interpret the particular terms of the leases at issue. Moreover, the court's Amended Order certifying this interlocutory appeal merely recites the § 1292(b) standard without specifying any "controlling question of law as to which there is substantial ground for difference of opinion." Meanwhile, as argued by Quarterfield, the appeal concerns whether the court misinterpreted the leases, and not whether the court misconstrued Maryland law. In these circumstances, we recognize that the permission to appeal under § 1292(b) was improvidently granted, and we therefore dismiss the appeal.

*APPEAL DISMISSED*